UNITED STATES DISTRICT AND BANKRUPTCY COURTS FOR THE DISTRICT OF COLUMBIA

CESAR AGUSTO TAMAYO HERRERA and Edinson Perlaza Orobio
Professional Card no. 98.749 of the Superior Council of the Judiciary of Colombia
Certificate of citizenship no. 16.446.221 of Yumbo - Valle
Street 12 B N° 8-23 Office 219 Bogotá- Colombia
Cellular phone 3134939472
Email: cjuridicaabogadosasociados@gmail.com
~~In representations of Colombian citizen EDINSO~~
Certificate of Citizenship No. 94.441.727

Case: 1:17-cv-00454     (F-Deck)
Assigned To : Walton, Reggie B.
Assign. Date : 3/14/2017
Description: Pro Se Gen. Civil

Vs

Criminal Chamber of Supreme Court of Justice of Colombia, the nine members of the chamber
Street 12 No. 7- 65 Palace of Justice, Bogota - Colombia
Phone number: 57 1 5622000

## COMPLAINT

I have the honour to address to United States District and Bankruptcy Courts for the District of Columbia to submit to consideration and decition the following case:

### EVENS

The Government of the United States formalized before the Colombian Government the extradition of the native Colombian citizen of name **EDINSON PERLAZA OROBIO** identified with card of citizenship No. 94.441.727, in case Criminal Docket 16-20575 with date 28-07-2016, whose note in Colombia was sent to the office of International Affairs of the Ministry of Foreign Relations, from there to the office of International Affairs of the Prosecutor General of the nation and after a pending of two months record was referred to the offices of the Ministry of Justice and the right to become an administrative act and was referred to the Criminal Chamber of the Supreme Court of Justice; that by means of cast Secretariat appointed as rapporteur DR. EYDER PATIÑO CABRERA judge under the file or process of extradition number 11001020400020160232000.

### CONSIDERATIONS

The essential premise that turns into what could be called a true axiom is the following Fundamental Principle:

In spite of the constitutional reform introduced by article 35 in Colombia, which favors extradition, it does not exist in force an extradition treaty between the United States and Colombia currently.

A proof is the following testimony:

## DECLARATION OF ALVARO URIBE VELEZ

1. My name is Alvaro Uribe Velez. I served as the 31st President of the Republic of Colombia from 2002 to 2010. Currently, I am serving as Senator, having been elected in 2014.

2. I have reviewed the declaration by Tom Heinemann, who has given an opinion that there is a valid extradition treaty between the United States and Colombia. He is mistaken. There is no extradition treaty in force between the two countries. However, extradition has been very important in the shared fight against narco terrorism. My government extradited close to 1200 individuals to the United States exclusively for narcotrafficking.

3, Colombia does not recognize the treaty as valid or in effect because it was not properly ratified as explained by the Supreme Court of Justice in 1986 and 1987. Because Colombia never enacted "instruments of ratification," the documents exchanged in 1982 had no effect. For this reason, Colombia's Ministry of Foreign Affairs states that the extradition treaty is "not in force" and that is the official position of the Colombian government.

4. Because the treaty was never legally ratified, there was no need to give notice (either under the treaty or the Vienna Convention) that Colombia was terminating or suspending operation of the treaty. There was nothing to terminate or suspend.

5. Although the two countries send individuals to the requesting country, especially to combat narcotrafficking as explained above, this is not done pursuant to a treaty.

6. Please accept this declaration on behalf of Andres Felipe Arias Leiva. If this Honorable Court requires any additional information, I would be more than happy to provide it.

The Declaration of the Senator Álvaro Uribe Vélez where he says that he extradicted 1206 Colombian citizens in his Government, and that he did not it because there is an extradition treaty with the United States, but by the need to be a remedy against drug trafficking and as a correspondence with American policy to end the scourge of drugs. It is the cornerstone of the present communication and reporting.

It is of clarify that the previous statement is made in relationship with the case 16-23468-MC of Andres Felipe Arias, in which it is cites the request of Otto J. Reich, former.

**ANNOUNCE**

Name: **CESAR AUGUSTO TAMAYO HERRERA**
Address: Calle 12 B No. 8 - 23 Oficina 219 Bogotá, Colombia.
Mobile Phone: 3134939472
E-mail: cjuridicaabogadosasociados@gmail.com

Without other particular, waiting for that all the arguments here embodied in the time of the study are welcomed,

Respectfully serve the United States District and Bankruptcy Courts for The District of Columbia to proceed accordingly to the present application.

Sincerily yours,

**CESAR AUGUSTO TAMAYO HERRERA**
C.C No. 16.446.221 de Yumbo – Valle Del Cauca
T.P No. 98.749 del C.S de la J.

**On behalf of EDINSON PERLAZA OROBIO**